**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**William A. NISBET, IV, Respondent.**

**No. 2013-SC-000421-KB.**

Supreme Court of Kentucky.

Sept. 26, 2013.

## OPINION AND ORDER

William A. Nisbet, IV,[1] failed to communicate adequately with his clients and file the matter for which he was retained. The facts are undisputed. The Inquiry Commission issued a one-count Charge against Nisbet (KBA File No. 20452) in February 2013, alleging a violation of Kentucky Supreme Court Rules (SCR) 3.130–1.16(d).

Nisbet has not participated in the proceedings to this point. In fact, service to his listed bar address was unsuccessful, resulting in the KBA Executive Director accepting service for Nisbet under SCR 3.175(2).[2] The Board of Governors now recommend that this Court suspend Nisbet for thirty days and probate the suspension on the condition that Nisbet provide restitution in the amount of $1,000 to his clients within sixty days.

### I. KBA FILE NO. 20452.

Alice M. and Charles Messamore hired Nisbet to handle a bankruptcy matter on their behalf. The Messamores paid Nisbet $1,000 for his services. But Nisbet failed to file the bankruptcy petition, failed to

---

1. KBA Member No. 89006, bar roster address, 1 North Main Street, Madisonville, Kentucky 42431. Nisbet was admitted to the practice of law on October 19, 2001.

2. SCR 3.175(2) allows "service of a document upon the Director [to] constitute service of that document upon the member." The various requirements of the rule appear to be satisfied in this case.

return the fee, and failed to return the Messamores's file.

The Inquiry Commission returned a Charge against Nisbet in August 2012, alleging two counts of violations. The Charge was later amended and issued against Nisbet in February 2013. The single count alleged a violation of SCR 3.130–1.16(d),[3] by failing adequately to protect his clients' interests, return papers or property to which they were entitled, and refund the fee paid. The Board of Governors unanimously voted that Nisbet was guilty of the alleged offense. Further, given Nisbet's past disciplinary record and the nature of the offense, the Board voted 11–6 to recommend the aforementioned-discipline.

## II. PRIOR DISCIPLINARY RECORD.

In April 2013, KBA File No. 19673, this Court suspended Nisbet for one year, retroactive to the date of his emergency suspension in November 2011. The suspension was a result of Nisbet's conviction for first-degree Trafficking in a Controlled Substance, a Class D Felony. Before that conviction, Nisbet was convicted of DUI on two occasions. Nisbet was ordered by this Court to register with KYLAP and to agree to participate in monitoring for five years as a condition to his suspension.

## III. CONCLUSION.

After reviewing the record, the standards, and other relevant authorities, this Court concludes that the discipline recommended by the Board is adequate. Accordingly, the Court ORDERS:

1) William A. Nisbet, IV, KBA Member No. 89006, is guilty of the charge alleged in KBA File No. 20452;

2) Nisbet is suspended from the practice of law for thirty days, to run concurrently with any other suspensions;

3) The thirty-day suspension will be probated for one year, subject to the condition that Nisbet pay full restitution in the amount of $1,000 to Alicia M. and Charles Messamore within sixty days of the entry of this order;

4) If Nisbet fails to comply with any of the terms of discipline as set forth here, upon the Office of Bar Counsel's (OBC) motion, the Court will impose the thirty-day suspension as recommended by the Board in this matter; and

5) In accordance with SCR 3.450, Nisbet is directed to pay $357.38, the costs associated with this proceeding, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 26, 2013.

/s/ John D. Minton, Jr.

---

3. SCR 3.130–1.16(d) reads, "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers or property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."